IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CLARISSA ANN LUYSTER,** | : | |
| **Petitioner** | : | **CIVIL NO. 1:CV-13-02579** |
| **v.** | : | **(Judge Rambo)** |
| **WAYNE COUNTY, et al.,** | : | |
| **Respondents** | : | |

## M E M O R A N D U M

Before the court is petition for writ of habeas corpus pursuant to 28 U.S.C.

§ 2254, filed by Petitioner Clarissa Ann Luyster, a state prisoner incarcerated at the

State Correctional Institution in Cambridge Springs, Pennsylvania.  (Doc. 1.)  In the

petition, Petitioner challenges her 2008 conviction and sentence in the Court of

Common Pleas of Wayne County, Pennsylvania ("trial court" or "Wayne County

court").  For the reasons that follow, the petition will be denied.

## I.    Background

On March 12, 2008, Petitioner pleaded guilty to conspiracy to commit homicide

in the Wayne County court.  (Doc. 11 at 4.)  The Pennsylvania Superior Court

summarized the relevant facts as follows:

> On April 14, 2007, Appellant's father was shot and killed in the driveway
> of the family's residence.  The Commonwealth charged Appellant, who
> was seventeen years old at the time of the crime, with criminal homicide
> and conspiracy to commit homicide.[1]  Appellant presented a motion to
> decertify the case to the juvenile court, and following a hearing, the trial

court denied relief on February 26, 2008.  On March 12, 2008, Appellant
entered a guilty plea to conspiracy to commit homicide.[1]  On May 8,
2008, the trial court sentenced Appellant to 15 to 30 years of
imprisonment.  On May 19, 2008, Appellant filed a petition for
reconsideration of her sentence, arguing for a lesser term of incarceration.
The trial court denied reconsideration on May 21, 2008.  Appellant did
not appeal.

(Doc. 10-6 at 1-2, *Commonwealth v. Luyster*, No 554 EDA 2012 (C.P. Oct. 10,

2012)).  In Respondents' memorandum of law in support of their answer to the habeas

petition, they provide the following additional factual background, based on the facts

presented during Petitioner's guilty plea:

On April 14, 2007, members of the Honesdale Borough Police
Department were dispatched to a residence located at 260 Ridge Street,
Honesdale, PA for a report of a shooting.  (Notes of Testimony, Guilty
Plea at 2) (hereinafter N.T.G.P.).  Upon arrival, officers located Ronald
Luyster in an area behind his residence suffering from an apparent
gunshot wound to the chest.  (N.T.G.P. at 2).  Ronald Luyster was
pronounced dead shortly after arrival at a hospital.  (N.T.G.P. at 2).

Ultimately, Luyster, her mother Patricia Luyster and Cody Steich
were interviewed and it was determined that the three had been planning
to kill Ronald Luyster for several weeks.  (N.T.G.P. at 3).  On the night
of the murder, Cody Steich waited in the garage of the residence for
Ronald Luyster to return home from a family outing.  (N.T.G.P. at 3).
Once Ronald Luyster returned home, Steich shot him in the chest through
an open window of the garage where Steich had been lying in wait.
(N.T.G.P. at 3).

In a written statement, Luyster admitted to knowing that Steich had
obtained a gun for the purpose of killing Ronald Luyster.  (N.T.G.P. at 4).
She further admitted to showing Steich where to hide in the garage,

2

providing a flashlight to him and to contacting her mother to advise her
that Steich was ready to kill Ronald Luyster.  (N.T.G.P. at 4).

(Doc. 11 at 7.)

On May 8, 2008, the trial court sentenced Petitioner to a term of imprisonment of fifteen (15) to thirty (30) years.  (Doc. 1 at 1.)  On May 19, 2008, Petitioner filed a petition for reconsideration of sentence which the trial court denied on May 21, 2008. (*See* Doc. 10-2 at 1.)  Petitioner did not file a direct appeal.

On September 4, 2008, Petitioner filed a *pro se* petition under Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541-9546.  (Doc. 10-1.)  On that same date, the trial court, now sitting as PCRA court, appointed Alfred G. Howell, Esquire, to represent Petitioner for any PCRA proceedings.  (*See* Doc. 10-2 at 2.)  On October 23, 2008, Attorney Howell filed a "no-merit letter" indicating that there were no meritorious claims.  (*Id.*)  On March 11, 2009, the PCRA court granted Attorney Howell's petition to withdraw and appointed Oressa P. Campbell, Esquire, to represent Petitioner.  (*Id.*)

On September 26, 2011, a counseled amended PCRA petition was filed, raising the following issues:

I.  Whether counsel was ineffective for failing to appeal the trial court's order denying the motion for decertification?

II.  Whether counsel was ineffective for failing to appeal the judgment of sentence?

3

III.  Whether counsel was ineffective for failing to appeal the trial court's denial of the motion for reconsideration of sentence?

IV.  Whether counsel was ineffective for not introducing character testimony?

V.  Whether counsel was ineffective for not introducing medical testimony regarding Luyster's mental health, low IQ score and depression?

VI.  Whether counsel was ineffective for not introducing medical testimony regarding the effects of physical abuse upon a person's capacity to acknowledge criminal action?

(Doc. 10-2 at 3-4.)  The PCRA court held an evidentiary hearing on November 30, 2011.  (See Doc. 10-3 at 2.)  On February 6, 2012, the PCRA court issued an opinion and order dismissing the amended PCRA petition.  (Doc. 10-3.)

On February 15, 2012, Petitioner filed a notice of appeal to the Pennsylvania Superior Court and subsequently presented the following issues:

I.  Whether the trial court erred in determining that the Appellant failed to bring forth evidence establishing she requested a direct appeal to be filed by trial counsel?

II.  Whether the trial court erred in evaluating whether or not there existed meritful issues that could have been raised on direct appeal?

III.  Whether the trial court erred in denying the Appellate PCRA relief?

4

(Doc. 10-4 at 8.)  A counseled brief in support followed on March 7, 2012.  (*See id.* at

40.)  On October 10, 2012, the Superior Court affirmed the judgment of the PCRA

court.  (Doc. 10-6.)

On November 9, 2012, Petitioner filed a petition for allowance of appeal to the

Supreme Court of Pennsylvania, raising the following issue:

> I.  Should the constitutionally imposed duty to consult with a defendant
> about an appeal mandated in *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S.
> Ct. 1029 (2000), and adopted by *Commonwealth v. Bath*, 907 A.2d 619,
> 623-24 (Pa. Super. 2006), be expanded and impose a higher burden upon
> trial counsel to ensure that a Defendant's guaranteed right to appeal is
> understood and protected when the Defendant is a juvenile certified as an
> adult?

(Doc. 10-7 at 2-3.)  On April 10, 2013, the Supreme Court denied allowance of

appeal.  *See Commonwealth v. Luyster*, 64 A.2d 631 (Pa. 2013).  Petitioner did not

seek review by the United States Supreme Court.

On September 9, 2013, Petitioner filed the instant *pro se* petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2254.[1]  (Doc. 1.)  In the petition, Petitioner

raises the following grounds for relief:

> Ground One: I was a juvenile when arrested.  I was interviewed by the
> State Police without a parent present.  I wasn't appointed an attorney or

---

[1]  Petitioner originally filed her petition in the Eastern District of Pennsylvania.  (*See*
Doc. 1.)  The United States District Court for the Eastern District of Pennsylvania transferred the
matter to this court by order dated September 10, 2013.  (Doc. 2.)

> guardian for the interview which should have occurred according to
> *Gault*, 387 U.S. (1)(1967).
>
> Ground Two: I was underage and interviewed by the police with no one
> there.

(*Id*. at 5, 7.)  In accordance with *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999)

and *Mason v. Myers*, 208 F.3d 414 (3d Cir. 2000), the court issued a formal notice to

Petitioner that she could either have the petition ruled on as filed, but lose her ability

to file a second or successive petition, absent certification by the court of appeals, or

withdraw her petition and file one all-inclusive § 2254 petition within the one-year

statutory period prescribed by the Antiterrorism and Effective Death Penalty Act

("AEDPA").  (Doc. 5.)  Petitioner filed her Notice of Election form in response on

October 25, 2013.  (Doc. 6.)  On October 29, 2013, the court issued an order directing

service of the petition.  (Doc. 7.)  On November 19, 2013, Respondents filed their

answer to the petition.  (Doc. 11.)  Petitioner did not timely file a reply.  However,

over sixty (60) days after the Commonwealth filed its response, on February 3, 2014,

Petitioner filed a letter informing the court that she received the Commonwealth's

response to her habeas petition and that she "would really like to know how I should

reply."  (Doc. 13.)  As a result, in the interest of justice to the *pro se* Petitioner, the

court issued an order on February 4, 2014, affording Petitioner until February 14,

2014 to file a reply to the Commonwealth's response.  (Doc. 14.)  As of this date,

6

Petitioner has failed to file a reply or seek an extension of time in which to do so. Thus, the habeas petition is ripe for disposition.

## II.   **Discussion**

As stated above, Petitioner raises two grounds for relief in her petition: (1) As a juvenile Petitioner was interviewed by police without a parent or attorney present; and (2) Petitioner was underage when interviewed by police with no one there.  (Doc. 1.) In their answer, Respondents contend that Petitioner's claims, which appear to be nearly identical, have not been presented to the state courts, and therefore this court should decline to review the claims on the basis that they are procedurally defaulted. Upon review, the court agrees that the habeas claims are procedurally defaulted.

The provisions of the federal habeas corpus statute at 28 U.S.C. § 2254(b) require a state prisoner to exhaust available state court remedies before seeking federal habeas corpus relief.[2]  To comply with the exhaustion requirement, a state prisoner

---

[2]  28 U.S.C. § 2254(b)(1) provides the following:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
    (A) the applicant has exhausted the remedies available in the courts of the State; or
    (B)(i) there is an absence of available State corrective process; or
    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

first must have fairly presented her constitutional and federal law issues to the state courts through direct appeal, collateral review, state habeas proceedings, mandamus proceedings, or other available procedures for judicial review. *See, e.g.*, *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Doctor v. Walters*, 96 F.3d 675, 678 (3d Cir. 1996), *abrogated on other grounds by Beard v. Kindler*, 558 U.S. 53 (2009); *Burkett v. Love*, 89 F.3d 135, 137 (3d Cir. 1996). Moreover, a petitioner must present every claim raised in the federal petition to the state's trial court, intermediate appellate court, and highest court before exhaustion will be considered satisfied.[3] *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The petitioner has the burden of establishing that the exhaustion requirement has been met. *Ross v. Petsock*, 868 F.2d 639, 643 (3d Cir. 1999); *O'Halloran v. Ryan*, 835 F.2d 506, 508 (3d Cir. 1987).

Exhaustion is not a jurisdictional limitation, however, and federal courts may review the merits of a state petitioner's claim prior to exhaustion when no appropriate state remedy exists. *Christy v. Horn*, 115 F.3d 201, 206 (3d Cir. 1997); *Doctor*, 96 F.3d at 681; *Carter v. Vaughn*, 62 F.3d 591, 594 (3d Cir. 1995). Nevertheless, a

---

[3] Pursuant to Pennsylvania Supreme Court Order 218, effective May 9, 2000, issues presented to the Pennsylvania Superior Court are considered exhausted for the purpose of federal habeas corpus relief under section 2254. *See In re: Exhaustion of States Remedies in Criminal and Post-Conviction Relief Cases*, No. 218, Judicial Administration Docket No. 1 (May 5, 2000) (per curiam).

8

petitioner shall not be deemed to have exhausted state remedies if he has the right to raise his claims by any available state procedure.  28 U.S.C. § 2254(c).

Turning to procedural default, if a petitioner presents unexhausted habeas claims to a federal court, but state procedural rules bar further state court review, the federal court will excuse the failure to exhaust and treat the claims as exhausted. *Wenger v. Frank*, 266 F.3d 218, 223 (3d Cir. 2001); *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000); *see Teague v. Lane*, 489 U.S. 288, 297-98 (1989).  Although deemed exhausted, such claims are considered procedurally defaulted.  *Coleman v. Thompson*, 501 U.S. 722, 749 (1991); *Lines*, 208 F.3d at 160.

A federal habeas court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either: (1) "cause" for the procedural default and "actual prejudice" as a result of the alleged violation of federal law; or (2) failure to consider the claims will result in a "fundamental miscarriage of justice."  *See McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999); *Coleman*, 501 U.S. at 750; *Caswell v. Ryan*, 953 F.2d 853, 857, 861-62 (3d Cir. 1992).  To satisfy the first exception, a petitioner must show: (1) cause for her failure to raise her claim in state court; and (2) prejudice to her case as a result of that failure.  *Coleman*, 501 U.S. at 750.  To demonstrate "cause" for a procedural default, the petitioner must show that something "external" to the defense impeded the petitioner's efforts to comply with

9

the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  Once "cause" has been successfully demonstrated, a petitioner must then prove "prejudice." "Prejudice" must be something that "worked to [petitioner's] actual and substantial disadvantage, infecting [her] entire trial with error of constitutional dimensions." *Id*. at 494.

Alternatively, a federal court may excuse a procedural default when the petitioner establishes that failure to review the claim will result in a fundamental miscarriage of justice. *See Werts v. Vaughn*, 228 F.3d 178, 192-93 (3d Cir. 2000).  A credible allegation of "actual innocence" constitutes a "miscarriage of justice" that enables a federal court to hear the merits of otherwise procedurally defaulted habeas claims. *Hubbard v. Pinchak*, 378 F.3d 333, 338 (3d Cir. 2004).  The fundamental miscarriage of justice exception, as defined by the United States Supreme Court, is confined to cases of actual innocence as compared to legal innocence, where the petitioner can show that it is more likely than not that no reasonable juror would have found her guilty beyond a reasonable doubt in light of new evidence. *Schlup v. Delo*, 513 U.S. 298, 327 (1995).  "To be credible," a claim of actual innocence must be based on reliable evidence not presented at trial. *Id*. at 324.

Here, Petitioner's claims relating to questioning by the police are unexhausted because they were never raised in the state courts.  Further, because it appears that any

10

second PCRA petition filed by Petitioner would be untimely, *see* 42 Pa. Cons. Stat. Ann. § 9545(b) (petition must be filed within one year of the date judgment becomes final), the claims are procedurally defaulted.  *See Coleman*, 501 U.S. at 749.  As set forth above, the court cannot review the claims absent a showing of cause and prejudice, or a miscarriage of justice.

   In the petition, Petitioner contends that she did not raise these claims in a direct appeal because her attorney at the time advised her not to do so.  (*See* Doc. 1 at 6, 7.) Petitioner makes no argument for why, with the assistance of new counsel, she did not raise the issues in her post-conviction proceedings through ineffective assistance of counsel claims.  Further, Petitioner has filed no reply to Respondents' answer with an argument relating to cause and prejudice or a miscarriage of justice.  Without more, the court finds that Petitioner has failed to show cause for why she did not raise her claims in state court.  In the absence of cause, the court will not address the issue of prejudice.  *See Smith v. Murray*, 477 U.S. 527, 533 (1986).  Further, because Petitioner has not alleged that she is actually innocent, or has presented any colorable evidence of her actual innocence, she has not demonstrated that a fundamental miscarriage of justice will result from failure to review the claims.  *Schlup*, 513 U.S. at 327.

11

### III.   <u>Conclusion</u>

Because Petitioner has not demonstrated cause and prejudice or a miscarriage of justice with respect to her procedurally defaulted claims, federal review of Petitioner's claims is unavailable.  Therefore, the petition for writ of habeas corpus will be denied.

The court must now determine whether a certificate of appealability should issue.  A court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This requires that the petitioner "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, the court denies a certificate of appealability because jurists of reason would not debate whether the court properly resolved the issues presented.

An appropriate order will issue.

s/Sylvia H. Rambo
United States District Judge

Dated:  February 28, 2014.